1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11              Respondent,                     No. 2: 06-cr-0049 GEB KJN P

12        vs.

13   RUBEN GONZALEZ AVILA,

14              Movant.                     <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16              Movant is a federal prisoner proceeding without counsel with a motion to vacate,

17   set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Pending before the court is

18   respondent's motion to dismiss on grounds that this action is barred by the statute of limitations.

19   For the following reasons, respondent's motion should be granted.

20              This action is proceeding on the § 2255 motion filed May 28, 2010, raising two

21   claims.  In the first claim, movant alleges that he plead guilty due to ineffective assistance of

22   counsel.  Movant alleges that his counsel "cajoled and hoodwinked" him into pleading guilty

23   when it is more than likely that he would not have been convicted by a jury.  Movant further

24   alleges that his counsel interviewed no witnesses and failed to hire an investigator.

25   ////

26   ////

1

1    In the second claim, movant alleges that the Presentencing Investigation Report

2  ("PSIR") was inaccurate.  Movant alleges that the sentence recommendation in the PSIR

3  exceeded the guidelines penalties range.  In claim two, movant also alleges that he is raising

4  claims pursuant to <u>United States v. Booker/Fanfan</u>, 543 U.S. 220 (2005), <u>Apprendi v. New</u>

5  <u>Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Jones v. United</u>

6  <u>States</u>, 526 U.S. 227 (1999).

7    28 U.S.C. § 2255(f) sets forth the statute of limitations for motions brought

8  pursuant to 28 U.S.C. § 2255:

9    (f) A 1-year period of limitation shall apply to a motion under this section.  The
     limitation period shall run from the latest of –

10

11    (1) the date on which the judgment of conviction becomes final;

12    (2) the date on which the impediment to making a motion created by
     government action in violation of the Constitution or laws of the United
13    States is removed, if the movant was prevented from making a motion by
     such government action;

14    (3) the date on which the right asserted was initially recognized by the
     Supreme Court, if that right has been newly recognized by the Supreme
15    Court and made retroactively applicable to cases on collateral review; or

16    (4) the date on which the facts supporting the claim or claims presented
     could have been discovered through the exercise of due diligence.

17

18  28 U.S.C. § 2255(f).

19    Movant plead guilty on October 12, 2007.  (Dkt. No. 40.)  On February 22, 2008,

20  movant was sentenced to 210 months.  (Dkt. No. 47.)  On March 10, 2008, judgment was

21  entered.  (Dkt. No. 48.)  Movant did not appeal.

22    Respondent argues that movant's conviction became final on March 24, 2008, i.e.

23  fourteen days after judgment was entered.  <u>See</u> Fed. R. App. P. 4(b)(1)(a) (14 days to file an

24  appeal after judgment entered).  Respondent argues that pursuant to 28 U.S.C. § 2255(f)(1),

25  movant had one year from that date to file a timely § 2255 motion, i.e. until March 23, 2009.

26  Therefore, the pending motion, filed May 28, 2010, is not timely.

1    The undersigned agrees that § 2255(f)(1) is the proper statute of limitations.

2   Movant's claims are not based on a right newly recognized by the Supreme Court.  Nor was

3   movant's ability to raise these claims impeded by government action.  In addition, the facts on

4   which movant's claims are based were available through diligence at the time of his conviction.

5   For example, that counsel failed to interview witnesses or hire an investigator was a fact

6   available through the exercise of due diligence at the time of movant's conviction.

7    In his opposition to the pending motion, movant argues that he is entitled to

8   equitable tolling based on actual innocence.  The first problem with this argument is that movant

9   is not raising an actual innocence claim.  The second problem with this argument is that in a

10  habeas action brought by a state prisoner pursuant to 28 U.S.C. § 2254, the Ninth Circuit recently

11  held that there is no actual innocence exception to override the statute of limitations.  Lee v.

12  Lampert, 610 F.3d 1125, 1136 (9th Cir. 2010).  The reasoning of the Ninth Circuit in Lee v.

13  Lampert is equally applicable to an action brought pursuant to 28 U.S.C. § 2255.

14   For the reasons discussed above, respondent's motion to dismiss should be

15  granted.

16   Accordingly, IT IS HEREBY RECOMMENDED that:

17   1.  Respondent's motion to dismiss (Dkt. No 52) movant's motion pursuant to 28

18  U.S.C. § 2255 (Dkt. No. 49) be granted;

19   2.  The clerk of the court be directed to close the companion civil case No. 2: 10-

20  cv-1334 GEB KJN P.

21   These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

23  one days after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

26  objections shall be filed and served within fourteen days after service of the objections.  The

1 | parties are advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED:  August 31, 2010
4 |
5 |
6 |
7 |                                        KENDALL J. NEWMAN
8 |                                        UNITED STATES MAGISTRATE JUDGE
9 | av49.257

4